UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED

01 JUL -9 PM 2:05

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| FLORENCE RANDOLPH, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV 01-S-822-NW |
| THE CITY OF RUSSELLVILLE, ALABAMA, | ) |
| Defendant. | ) |

ENTERED

9 2001

## MEMORANDUM OPINION

This action is before the court on defendant's motions to quash service of process (doc. no. 4) and to dismiss (doc. no. 7). Upon consideration of the motions, pleadings, and briefs, the court concludes that both motions are due to be denied.

## I. BACKGROUND

Plaintiff, Florence Randolph, applied for employment as a laborer with defendant, the City of Russellville, Alabama, during November of 1997.[1] Defendant hired two males on February 2, 1998. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that she was not awarded the position because of her gender.[2]

One of the males hired during February of 1998 was promoted by

---

[1] Complaint (doc. no. 1), at ¶ 6.

[2] Id., ¶ 7. Although the complaint does not state when defendant received her notice of right to sue from the EEOC with respect to this charge, plaintiff's complaint avers that she "filed her suit within 90 days after receipt of her right-to-sue letter issued from the EEOC." Id., ¶ 2.



defendant to the position of equipment operator on or about March 18, 2001.[3]  Plaintiff asserts that she was qualified for the equipment operator post, but defendant did not afford her the opportunity to apply for the position.[4]  She contends that defendant passed over her for this position due to her gender and/or because she had filed a prior charge of discrimination against defendant with the EEOC.[5]  Plaintiff filed a second charge of discrimination with the EEOC on March 30, 2001, alleging discrimination in the manner in which defendant had filled the equipment operator position.

Plaintiff filed the instant action on April 3, 2001, alleging that defendant unlawfully discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* On June 4, 2001, the EEOC issued plaintiff notice of her right to sue with respect to the allegations in her second EEOC charge of discrimination.  Therefore, this action was commenced after the filing of plaintiff's second charge of discrimination, but before receipt of her June 4, 2001 notice of right to sue.

Prior to plaintiff's receipt of the June 4, 2001 right to sue letter, defendant moved to dismiss plaintiff's claims pertaining to

---

[3] *Id.*, ¶ 8.

[4] *Id.*

[5] *Id.*, ¶ 11.

2

the equipment operator position.[6] Defendant asserts that plaintiff has failed to exhaust her administrative remedies, because no right to sue notice had been issued by the EEOC with respect to her second charge of discrimination before plaintiff initiated suit. Further, defendant states that plaintiff's complaint fails to state a claim upon which relief may be granted. Defendant has also moved to quash plaintiff's service of process because the summons and complaint was initially served upon an individual not authorized to receive or accept service for defendant.

## II. DISCUSSION

### A.   Defendant's Motion to Quash Service of Process

In its motion to quash filed on April 26, 2001, defendant contends that plaintiff served the summons and complaint on the City Clerk for Littleville, Alabama, an individual not authorized in any manner to accept service for the City of Russellville.   It appears, however, that plaintiff effected proper service upon defendant on May 1, 2001.   Plaintiff has filed with the court proof of that second, successful service (doc. no. 6).   Since that time, defendant has not pursued its motion to quash, nor has it moved to quash plaintiff's second effort at service.   Accordingly, the

---

[6] Motion to dismiss (doc. no. 7), at 1.   Defendant's motion to dismiss was filed on May 21, 2001.

motion to quash is due to be denied as moot.

**B.   Defendant's Motion to Dismiss**

    **1.   The alleged failure to exhaust administrative remedies**

        **a.   exhausting   remedies   prior   to   asserting   a retaliation claim**

In general, the receipt of a right to sue letter is a prerequisite to filing a Title VII action. "Before instituting a Title VII suit in federal district court, a private plaintiff must file an EEOC complaint within 180 days of the alleged discrimination and must receive statutory notice of the right to sue the respondent named in the charge." *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992, 999 (11th Cir. 1982). A plaintiff, however, is not required to do so prior to asserting a retaliation claim that grows out of an earlier discrimination charge. *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988). In *Baker,* the plaintiff had filed an EEOC charge alleging discrimination on the basis of her race. After the EEOC issued a notice of the plaintiff's right to sue, she filed a civil action. "Her complaint had been pending for four months in the district court when she filed a motion for a preliminary injunction, seeking to enjoin certain alleged retaliatory actions taken by Buckeye as a result of her filing suit." *Id.* at 168. The

4

employer argued that the district court did not have jurisdiction

over the motion because the plaintiff

> had not asserted the retaliation claim either before the
> EEOC or in her complaint.  Under Buckeye's theory, Baker
> would have to file a new charge with the EEOC alleging
> retaliatory actions, obtain a right-to-sue letter, and
> either file a new complaint in the district court or
> amend the complaint in the pending case.

*Id.*  The Eleventh Circuit disagreed, saying

> it is unnecessary for a plaintiff to exhaust
> administrative remedies prior to urging a retaliation
> claim growing out of an earlier charge; the district
> court has ancillary jurisdiction to hear such a claim
> when it grows out of an administrative charge that is
> properly before the court.
>
> There are strong practical reasons and policy
> justification for this conclusion.  It is the nature of
> retaliation claims that they arise after the filing of
> the EEOC charge.  Requiring prior resort to the EEOC
> would mean that two charges would have to be filed in a
> retaliation case — a double filing that would serve no
> purpose except to create additional procedural
> technicalities when a single filing would comply with the
> intent of Title VII.

*Id.* at 169 (quoting *Gupta v. East Texas State University*, 654 F.2d

411, 414 (5th Cir. 1981)[7]).  Here, plaintiff has alleged that

defendant's failure to hire her as an equipment operator was due to

"her gender and/or because she had filed a previous charge of

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

discrimination against Defendant."[8] Accordingly, plaintiff was not required to exhaust administrative remedies with respect to her allegation of discriminatory retaliation.

  **b. filing suit before receiving a right to sue notice**

  Even assuming that the holding in *Baker* is inapplicable to the instant case, and that plaintiff was required to obtain a right to sue letter with respect to her allegations surrounding the filling of the equipment operator position, she has satisfied this prerequisite because she ultimately received a right to sue notice from the EEOC. Shortly after the filing of defendant's motion to dismiss, plaintiff submitted to this court a copy of the June 4, 2001 right to sue letter, pertaining to plaintiff's second charge of discrimination.[9]

> Although a right-to-sue letter should properly be obtained prior to filing a civil action under Title VII, several courts have held that under some circumstances, a "later issuance" of a right-to-sue letter can cure any initial jurisdictional defect which arose from filing the action prior to the receipt of the letter.

*Parker v. Kroger Company*, No. 76-1153A, 1976 WL 713, at *2 (N.D. Ga. Dec. 9, 1976) (denying a motion to dismiss where suit was filed prior to receipt of the notice of right-to-sue, but notice was

---

[8] Complaint (doc. no. 1), ¶ 11.

[9] Plaintiff's supplemental response to defendant's motion to dismiss (doc. no. 10), attachment (Notice of right to sue).

6

issued before the hearing on the motion to dismiss); *see also*
*Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 815-816
(M.D. Fla. 1995) (holding that plaintiff satisfied Title VII's
prerequisites to filing a discrimination action where plaintiff
received right to sue notice after filing suit); *Rolin v. Escambia*
*County Board of Education*, 752 F. Supp. 1020, 1022-23 (S.D. Ala.
1990) (denying defendant's motion to dismiss for failure to exhaust
administrative remedies in a case where plaintiff filed her Title
VII action prior to the receipt of her right-to-sue notice, but was
issued the notice shortly thereafter). Accordingly, the court
concludes that the recently issued right to sue letter is but an
additional basis for which to deny defendant's motion to dismiss
for failure to exhaust administrative remedies.

## 2. Plaintiff's Alleged Failure to State a Claim

Defendant has also moved to dismiss plaintiff's complaint on
the grounds that it fails to state a claim upon which relief can be
granted. In general, a court may dismiss a complaint for failure
to state a claim "only if it is clear that no relief could be
granted under any set of facts that could be proven consistent with
the allegations" of plaintiff's complaint. *Hishon v. King &*
*Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59

(1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[10]

In ruling upon a Rule 12(b)(6) motion, the court must accept the pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997). Notice pleading is all that is required: that is,

> "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley*, 355 U.S. at 47-48, 78 S.Ct. at 103 (citation omitted); *see*

_____

[10] *See also, e.g.,* Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988); Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (same).

8

also Fed. R. Civ. P. 8(a).[11]

"A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." Brooks, 116 F.3d at 1369 (emphasis in original) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). Such motions accordingly are "viewed with disfavor and rarely granted." Brooks, 116 F.3d at 1369 (citing Madison v. Purdy, 410 F.2d 99, 100 (5th Cir. 1969), and International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service, 400 F.2d 465, 471 (5th Cir. 1968)).

---

[11] Federal Rule of Civil Procedure 8(a) provides in part that: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." See also Brooks v. Blue Cross and Blue Shield of Florida, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

Id. at 1368-69 (citation omitted).

9

Upon review of plaintiff's complaint, the court concludes that it does state a claim for unlawful discrimination and defendant's motion to dismiss on this basis is due to be denied.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to quash service of process (doc. no. 4) is due to be denied as moot, and defendant's motion to dismiss is due to be denied. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this ___ day of July, 2001.

_____
United States District Judge

10